PETERSON, Judge,
concurring specially.
I respectfully write in response to the dissent.
Had I been the trial judge, I may have made a different equitable distribution in this case by distributing an interest in the wife’s retirement funds to the husband. The use of a qualified domestic relations order would have taken some of . the sting out of the tax consequences that might be suffered by the wife should she elect to take an early distribution of her retirement funds in order to pay off the first or second mortgage on her home. If she had taken this action, or if it were clear that she needed to take this action, the tax burden should have been recognized and shared by the husband when the assets were distributed. See Miller v. Miller, 625 So.2d 1320 (Fla. 5th DCA 1993). But it is not clear that the wife will be required to take the early distribution in order to meet her monthly financial demands.
The parties purchased their home in 1978. They stipulated that the value was $78,500. The parties’ equity in the home, awarded solely to the wife, was $55,000. In order to balance the equitable distribution, the court ordered the wife to execute a second mortgage on the marital home in favor of the husband. The second mortgage awarded to the husband is grossly unsecured by over $14,000 because the two mortgages exceed the value of the home. But the judge made this choice rather than invading the wife’s retirement funds totalling $90,763.
The wife complained to the trial court at a motion for rehearing and upon appeal because she feels that she cannot meet the monthly obligations placed upon her without taking an expensive early distribution of her retirement funds. She says she needs to take an early distribution in order to make the second mortgage payments to the husband and to meet the monthly living expenses of her and her daughter. It is not at all clear that she will have to do so.
The court found that the wife’s net monthly income was $2399 while the husband’s was $1000. It appears that these amounts take into account the husband’s child support obligation of $300 per month. That support will end in November 1995, when the daughter is 18. Until the supports ends, wife will have $1899 per month to support both herself and the child and $1599 per month thereafter for her sole support. These amounts are available after the monthly payments are made to the husband. The husband will have $1499 per month which includes his second mortgage income. She will have payments on the first mortgage of $377 per month plus monthly payments on a credit card debt of $12,000. He is charged with retiring a debt to the Internal Revenue Service in the amount of $12,000, but, of course, he must also pay for shelter in the form of monthly payments for rent or on a mortgage.
The $69,664 mortgage awarded to the husband as his share of the marital assets was payable over 20 years and bears six percent interest. It is apparent from the long period of amortization and modest interest that the court did not overlook the amount of income that remained for support of the wife. The award also reflects the wife’s position taken during trial that she should be awarded the marital home.and that her retirement funds should be protected. The court accommodated both wishes. Judges are often called upon to solve complex and sometimes impossible financial situations when the parties cannot settle upon a plan of distribution for assets that are not easily split. The trial judge should not be faulted for this plan of distribution after being urged by the wife during trial to award these assets to her. There is no question that both parties may have difficulty bearing the responsibilities of meeting living expenses and retiring debts individually, but the result in this ease is within the parameters of reasonableness. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).